# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1362V
Filed: October 23, 2024

| | |
|---|---|
| ANDREW KALTENMARK and DANIELLE KALTENMARK, parents of A.J.K., a minor,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>            Respondent. | Special Master Horner |

*Edward Kraus*, Kraus Law Group, LLC, Chicago, IL, for petitioner.
*Colleen Clemons Hartley*, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

      On September 28, 2017, petitioners filed a petition on behalf of A.J.K., a minor, for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) (the "Vaccine Act").[2] (ECF No. 1.) Petitioners initially alleged that A.J.K. suffered a cerebral stroke, hypertension, global development delay, and epilepsy caused in fact by A.J.K.'s Measles, Mumps, and Rubella ("MMR"); varicella; and influenza ("flu") A and B vaccinations administered on September 29, 2014. (*Id.*) On April 1, 2019, petitioners filed an amended petition alleging that A.J.K. suffered "posterior reversible leukoencephalopathy or stroke, seizure disorder, and their

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

1

sequelae."  (ECF No. 56.)  A decision denying entitlement was issued on November 27, 2023.  (ECF No. 147.)

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa-15(e)(1)(A)-(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

On January 12, 2024, petitioners filed a final motion for attorneys' fees and costs requesting $154,260.10 in attorneys' fees and $104,020.21 in costs, for a total of $258,280.31.  (ECF No. 151, p. 3.)  Respondent filed a response to petitioner's motion on January 16, 2024.  (ECF No. 152.)  Respondent stated that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by petitioner for an award of attorneys' fees and costs," but explained that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 1-2.)  Respondent requested that the court "exercise its discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 3.)

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347-48.  This is a two-step process.  *Id*.  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id*. (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id*. at 1348.

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Such applications should not include hours that are "'excessive, redundant, or otherwise unnecessary.'"  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Attorneys' costs must be reasonable as well.  *See Perreira ex rel. Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both.  Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.").  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

2

The undersigned has reviewed the billing records submitted with petitioners' request.  (ECF No. 151, Tab A.)  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.  The undersigned has also reviewed the cost records submitted with petitioners' request.  (ECF No. 151, Tab B; ECF No. 153.)  The undersigned finds the costs to be reasonable and sufficiently documented.

**Accordingly, the undersigned awards the total of $258,280.31[3] as a lump sum in the form of a check jointly payable to petitioners and petitioners' counsel, Edward Kraus, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, including "advanced costs" as well as fees for legal services rendered.  Furthermore, § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.